UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BADRUL CHOWDHURY,

                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY,
MICKHAIL GINZBURG, and
ROBIN YUDKOVITZ,

                 Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-07263 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Badrul Chowdhury ("Plaintiff") filed the instant action on October 9, 2024, alleging that Defendants New York City Housing Authority, Mickhail Ginzburg[1], and Robin Yudkovitz (collectively, "Defendants") wrongfully terminated his employment, tortiously interfered with future employment prospects, and defamed him. Plaintiff asserts federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

Plaintiff asserts that he was wrongfully terminated by the New York City Housing Authority ("NYCHA") for alleged "time and attendance issues." (Compl., Dkt. 1 at ECF 9.)[2] Plaintiff asserts that Defendant Ginzburg has prevented him from being rehired by NYCHA and

---

[1] Defendant Ginzburg's name is spelled "Michael Ginzburg" on the docket. The Court will use the spelling "Mickhail Ginzburg" from Plaintiff's filing.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

falsely accused him of "stealing" overtime pay. (*Id.*) For relief, Plaintiff seeks reinstatement, back pay, and compensation for emotional distress. (*Id.* at 10.)

## STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an action filed IFP if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008).

2

**DISCUSSION**

**I.     Lack of Subject Matter Jurisdiction**

Plaintiff asserts that the Court has federal-question jurisdiction over his claims pursuant to 28 U.S.C. § 1331, which provides the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).  A plaintiff properly invokes § 1331 jurisdiction when they plead a colorable claim "arising under" the Constitution or laws of the United States.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *Trisvan v. Ky. Fried Chicken Corp.,* No. 20-CV-2071 (MKB), 2020 WL 7404434, at *2 (E.D.N.Y. Dec. 17, 2020).  A claim "may be dismissed for want of subject-matter jurisdiction [if] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh,* 546 U.S. at 513 n.10; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Here, Plaintiff does not identify any federal law under which his claims arise.  His claims for defamation, intentional infliction of emotional distress, and tortious interference with employment are, at best, state law claims.  *See, e.g.*, *Friedman v. Coldwater Creek, Inc.,* 321 F. App'x 58, 59 (2d Cir. 2009) (noting that tortious interference with prospective economic advantage is a New York state law claim); *Lamont v. City of New York*, No. 12-CV-2478 (WFK) (JMA), 2014 WL 4829328, at *7 (E.D.N.Y. Sept. 29, 2014) (noting that defamation and intentional infliction of emotional distress are state law claims).  Plaintiff also fails to provide a basis for wrongful termination under any applicable federal law, simply stating that "Plaintiff was wrongfully terminated by NYCHA based on unfounded claims of time and attendance violations." (Compl., Dkt. 1 at ECF 9.)

3

Plaintiff also asserts that the Court has diversity-of-citizenship jurisdiction over his claims pursuant to 28 U.S.C. § 1332.  Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Makarova*, 201 F.3d at 113; *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96–97 (E.D.N.Y. 2019).  Here, Plaintiff has failed to provide a basis for diversity jurisdiction.  Plaintiff is a citizen of New York and provides New York addresses for all Defendants.  (Compl., Dkt. 1 at ECF 2–4.)  As both Plaintiff and Defendants are deemed to be citizens of New York, diversity of citizenship is lacking.

Accordingly, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

## II.    Futility of Amendment

Generally, district courts grant *pro se* plaintiffs an opportunity to amend a complaint before dismissal, but "leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x. 47, 49 (2d Cir. 2013).  Here, amendment would be futile because, based on Plaintiff's factual allegations, he can only assert state tort law claims for which diversity of citizenship is lacking.  Thus, because Plaintiff could not establish a basis for this Court's subject matter jurisdiction in an amended complaint, the Court is not granting Plaintiff leave to amend. *See id.* (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

**CONCLUSION**

Plaintiff's Complaint, filed IFP, is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).[3]  The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, note the mailing on the docket, and close this case.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: November 1, 2024
        Brooklyn, New York

---

[3] The Court offers no opinion as to any state law claim Plaintiff may pursue in state court.