UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BADRUL CHOWDHURY,

Plaintiff,

- against -

NEW YORK CITY HOUSING AUTHORITY, MIKHAIL GINZBURG, and ROBIN YUDKOVITZ,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-7263 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Plaintiff's Amended Complaint, which alleges that Defendants New York City Housing Authority ("NYCHA"), Mikhail Ginzburg, and Robin Yudkovitz terminated him on account of his race, religion, age, and nationality; denied him due process in terminating him; and retaliated against him. (Dkt. 12.) For the following reasons, the Court finds that Plaintiff has failed to plausibly allege a claim for relief against Defendants NYCHA and Yudkovitz. The Court gives Plaintiff four weeks to respond to the deficiencies the Court identifies in this Order.

## BACKGROUND

### I. Factual Background

Plaintiff is a Bangladeshi Muslim man who has "worked extensively at multiple [New York City Housing Association] developments" addressing "compliance with lead hazard abatement obligations." (Am. Compl., Dkt. 12, at ECF[1] 2.) From August 2020 to July 2022, Plaintiff

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

performed work for NYCHA through the "Infojini Employment Agency." (*Id.*) Plaintiff "performed his duties diligently" and worked closely with NYCHA staff. (*Id.* at ECF 3.)

In July 2022, Plaintiff was terminated from his position by Defendant Mikhail Ginzburg, an Assistant Director at NYCHA. (*Id.* at ECF 2–3.) Plaintiff was informed that this termination was due to his alleged time and attendance issues, although he claims that he "full[y] compli[ed] with all time and attendance requirements," "had no disciplinary record[,] and received no warnings regarding performance or attendance." (*Id.* at ECF 3.) Ginzburg allegedly acted without contacting Plaintiff's "immediate supervisor, project management personnel, or members of the project team with direct knowledge of Plaintiff's performance and work activities." (*Id.*) Ginzburg "further instructed Plaintiff's staffing agency not to process his July 2022 timesheets," which Plaintiff alleges "depriv[ed] [him] of earned wages." (*Id.* at ECF 4.) After this termination, Plaintiff "sought reinstatement and submitted multiple written appeals, which were ignored." (*Id.*)

Later that same year, Plaintiff obtained employment with "LiRo Engineers, Inc.," a vendor that provided services to NYCHA. (*See id.* at ECF 4, 33.) In December 2022, approximately ten days after Plaintiff had commenced work for this vendor at a NYCHA worksite, he was "abruptly terminated without cause or explanation and escorted from the . . . worksite." (*Id.* at ECF 4, 32, 34.) Plaintiff was never "issued any warning, disciplinary action, counseling memorandum, or notice regarding attendance or performance deficiencies." (*Id.* at ECF 11.) Plaintiff states he "possesses evidence, including text messages and witness statements," indicating that Defendant Ginzburg communicated with the vendor and shared "negative or false" information about Plaintiff, resulting in his termination. (*Id.* at ECF 4.) Since that termination, Plaintiff has applied for numerous positions with NYCHA but has been "consistently rejected." (*Id.* at ECF 4; *see also id.* at ECF 26–31 (emails regarding Plaintiff's applications).)

## II. Procedural History

Plaintiff filed his Complaint on October 9, 2024, (Dkt. 1), and requested leave to proceed *in forma pauperis*, (Dkt. 2). On November 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed Plaintiff's Complaint without prejudice, for lack of subject-matter jurisdiction, because Plaintiff failed to "identify any federal law under which his claims arise." (Dkt. 5, at 3.) Plaintiff appealed this dismissal to the Second Circuit. (Dkt. 7.) On June 12, 2026, the Second Circuit affirmed the Court's dismissal, but vacated the Court's judgment "insofar as the district court denied leave to amend," and remanded the case "with instructions to grant [Plaintiff] leave to file an amended complaint." (Dkt. 11, at 5.) Plaintiff filed his Amended Complaint on June 23, 2026. (Dkt. 12.)

Plaintiff makes five claims in his Amended Complaint. Plaintiff first alleges that Defendants discriminated against him on the basis of race, in violation of 42 U.S.C. § 1981 ("Section 1981"). (*Id.* at ECF 4.) Second, Plaintiff alleges that Defendants violated his equal protection rights by terminating him based on his race, national origin, religion, and age, in violation of 42 U.S.C. § 1983 ("Section 1983"). (*See id.* at ECF 5, 12.) For this first claim, Plaintiff asserts that the reason Ginzburg gave for his termination was pretextual, (*id.* at ECF 4), since "documentary proof exists demonstrating [Plaintiff's] full compliance with all time and attendance requirements," (*id.* at ECF 3). Furthermore, he claims, "[s]imilarly situated employees outside [of Plaintiff's] protected classes were not subjected to the same treatment under comparable circumstances." (*Id.* at ECF 12.) Third, Plaintiff alleges that Defendants denied him due process by terminating him without notice, investigation, or opportunity to be heard, in violation of Section 1983. (*Id.* at ECF 5, 12–13.) Fourth, Plaintiff alleges that he was retaliated against for engaging in protected activity, also in violation of Section 1983. (*Id.* at ECF 5, 13.) Finally, Plaintiff contends that NYCHA is liable under *Monell v. Department of Social*

*Services*, 436 U.S. 658 (1978), because he claims that the alleged violations "resulted from [NYCHA's] policies, customs, or practices." (*Id.* at ECF 5–6.)

**LEGAL STANDARD**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In reviewing a complaint for failure to state a claim, the Court accepts as true all factual allegations and draws from them all reasonable inferences in the plaintiff's favor, while disregarding "conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)). Where, as here, a plaintiff is *pro se*, the Court must construe the complaint "in a more liberal light, affording the pleadings . . . the strongest interpretation possible." *Brown v. eBay*, No. 14-CV-2803 (ENV) (VMS), 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *accord Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (citation modified)).

**DISCUSSION**

Although Plaintiff has now satisfied subject-matter jurisdiction by pleading federal claims, the Court finds that Plaintiff has failed to state a claim for relief against Defendants Yudkovitz and NYCHA.

## I. Plaintiff Has Failed to State a Claim Against Defendant Robin Yudkovitz

The Court finds that Plaintiff has not stated a claim against Defendant Robin Yudkovitz, who is the Vice President of Human Resources at NYCHA, (*see* Am. Compl., Dkt. 12, at ECF 2). Yudkovitz is mentioned only twice in Plaintiff's Amended Complaint: once when listing her job title, (*id.*), and again as a recipient of an email from Plaintiff seeking job opportunities, (*id.* at ECF 26). Plaintiff has not alleged any facts supporting the inference that Yudkovitz was involved in the alleged discrimination, retaliation, and denial of due process. (*See generally id.* at ECF 2–4 (factual allegations with no mention of any acts or omissions by Defendant Yudkovitz).) Plaintiff's claims for relief also do not mention Yudkovitz. (*See generally id.* at ECF 4–6 (claims for relief with no reference to Yudkovitz).) "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Worley v. New York*, No. 9:20-CV-1559 (LEK) (ATB), 2021 WL 11551136, at *3 (N.D.N.Y. Feb. 10, 2021) (citation omitted).. Therefore, Plaintiff's claims against Yudkovitz are dismissed.

## II. Plaintiff Has Failed to State a Claim Against NYCHA

Plaintiff's *Monell* claim against NYCHA fails to state a claim for relief. To succeed on a *Monell* claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Plaintiff alleges that NYCHA is liable because the underlying constitutional violations he suffered "resulted from its policies, customs, or practices," including failure to "provide due process protections," "supervise managerial employees," and "prevent blacklisting." (Am. Compl., Dkt. 12, at ECF 5–6.) However, these allegations are too conclusory to show the existence of a policy or custom that caused the alleged constitutional violations. *See Genao v.*

*City of New York*, No. 20-CV-2441 (LJL), 2021 WL 2111817, at *6 (S.D.N.Y. May 25, 2021) ("Vague, speculative, or conclusory allegations about the existence of a policy or custom do not suffice to state a Section 1983 claim against a municipal defendant." (citation omitted)); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) ("[T]o survive a motion to dismiss, Plaintiff cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" (citation omitted)).

A plaintiff satisfies the "official policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Atadzhanov v. City of New York*, No. 21-CV-5098 (LJL), 2022 WL 4331304, at *10 (S.D.N.Y. Sep. 19, 2022) (quoting *Rivera v. Westchester County*, 488 F. Supp. 3d 70, 76 (S.D.N.Y. 2020)). For failure to supervise, more specifically, a plaintiff must plead that "(1) there was a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, . . . (2) the municipality consistently failed to investigate those allegations," and (3) the policymakers were "'knowingly and deliberately indifferent to the possibility' that their subordinates 'were wont to violate the constitutional rights' of those they encountered." *K.A. v. City of New York*, No. 16-CV-4936 (LTS) (JW), 2025 WL 2256891, at *7 (S.D.N.Y. Aug. 7, 2025) (first quoting *Lopes v. Westchester County*, No. 18-CV-8205 (KMK), 2020 WL 1445729, at *5 (S.D.N.Y. Mar. 25,

2020); and then quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 127 (2d Cir. 2004)). Plaintiff has not alleged facts showing that any of these requirements are met.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Amended Complaint fails to allege plausible claims against NYCHA and Defendant Yudkovitz. This Order constitutes notice to Plaintiff that the Court dismisses Defendants Yudkovitz and NYCHA. However, because Plaintiff is entitled to be heard regarding the dismissal of these Defendants, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (disapproving of *sua sponte* dismissal without notice and opportunity to be heard), the Court grants Plaintiff the opportunity to argue why these Defendants should not be dismissed. Plaintiff shall file a submission on or before **November 6, 2026**.

If Plaintiff fails to file a response or valid extension request by that date, the Court will direct the Clerk of Court to issue summonses against Defendant Ginzburg on Plaintiff's remaining claims.[2]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 9, 2026
Brooklyn, New York

[2] The Court, construing Plaintiff's Complaint liberally, finds that Plaintiff's Section 1983 and Section 1981 claims are directed against Ginzburg. Because "a [S]ection 1983 claim for damages against a[n] . . . official can only be asserted against that official in his or her individual capacity," *Al-Jundi v. Est. of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989); *see also Sykes v. N.Y.C. Housing Auth.*, No. 1:25-CV-9602 (LTS), 2026 WL 2740131, at *6 (S.D.N.Y. Sep. 11, 2026) (applying this rule to NYCHA officials), the Court construes these claims as stated against Defendant Ginzburg in his individual, not official, capacity.